UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
------------------------------------------------X
DAVID THOMAS,

                 Plaintiff,         Civil Action No.:_____

        3:14-CV-360-J-39MCR

      against

**VERIFIED COMPLAINT AND
DEMAND FOR JURY TRIAL**

ARM WNY, LLC and Adam March,

               Defendants,
------------------------------------------------X

    Now comes Plaintiff, David Thomas (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and bring this action to recover monetary damages, and declaratory and injunctive relief against Defendant, ARM WNY and Adam March (hereinafter referred to collectively as "Defendants", and individually as "Defendant ARM WNY" and "Defendant March", respectively), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to

1

eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person residing in the State of Florida, Duval County.

4. Plaintiff resided at this address at all times that are relevant herein.

5. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6. Upon information and belief, Defendant ARM WNY is a New York collection company conducting business from offices located a 200 John James Audubon Parkway, Suite 300, Amherst, NY 14228.

7. Defendant March is an individual who, upon information and belief, was at all relevant times residing in the State of New York.

8. Upon information and belief, at all relevant times, Defendant March was acting as an owner, officer, director, manager and/or agent of Defendant ARM WNY.

9. Upon information and belief, at all relevant times, Defendant March was vested with the responsibility to manage Defendant ARM WNY.

10. Upon information and belief, Defendant March was responsible for the management and/or affairs of Defendant ARM WNY.

11. Upon information and belief, Defendant March was responsible for the day-to-day operations of Defendant ARM WNY.

12. Upon information and belief, at all relevant times, Defendant March was responsible for the supervision of Defendant ARM WNY's employees, agents and/or representatives that were attempting to collect debts.

13. Upon information and belief, at all relevant times, Defendant March was responsible for the management of Defendant ARM WNY's employees, agents and/or representatives that were attempting to collect debts.

14. Defendants regularly collect or attempt to collect debts for other parties, and therefore, are "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

15. At all relevant times herein, Defendants knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## FACTS

16. In or around December 2013, Defendants commenced collection activities in an attempt to collect an alleged debt (Hereinafter referred to as the "alleged debt") from Plaintiff.

17. The alleged debt originated from a July 2013 online pay day loan in the amount of $300.

18. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

19. On or about December 19, 2013, Defendant ARM WNY left a voicemail message on Plaintiff's cellphone.

20. In said message, Defendant ARM WNY, implying legal action, stated that Plaintiff was required to "take care of this or it will be sent to Duval County."

21. On December 26, 2013, Defendant ARM WNY, again, threatened to take legal action against Plaintiff.

22. Upon information and belief, Defendant ARM WNY has not and does not intend to take legal action against Plaintiff.

23. Upon further information and belief, Defendant ARM WNY is not a law firm.

24. As a result of Defendant ARM WNY's threats and intimidation, Plaintiff fearfully agreed to payment plan with Defendant.

25. Plaintiff is unaware of the name of the original creditor to whom the debt is or was owed.

26. Defendant ARM WNY failed to send Plaintiff a 30-day validation notice within five (5) days of the initial communication.

27. Plaintiff has not received such notice to date.

28. As a result of the Defendant ARM WNY's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692d)

29. Defendants' conduct violated §1692d in that Defendants engaged in conduct, the natural consequences of which were to oppress and abuse Plaintiff.

30. As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692e(2))

31. Defendants' conduct violated §1692e(2) in that Defendants misrepresented the legal status of the alleged debt.

32. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(5))

33. Defendants' conduct violated §1692e(5) in that Defendants threatened legal action that it does not intend to take.

34. As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692f)

35. Defendants' conduct violated §1692f in that Defendants engaged in unfair and unconscionable means to collect or attempt to collect the alleged debt.

36. As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FIFTH CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692g)

37. Defendants' conduct violated §1692g in that Defendants failed to send Plaintiff a 30-day validation notice within five (5) days of the initial communication.

38.   As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

39.   Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff David Thomas demands judgment from Defendants ARM WNY, LLC an Adam March as follows:

A.   For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

B.   For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

C.   For a declaration that the Defendant's practices violated the FDCPA; and,

D.   For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        March 24, 2014

Respectfully submitted,

By: *s/Jerald Alan Belofsky*
Jerald Alan Belofsky, Esq. (JB-249262)
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com
Attorneys for Plaintiff